UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL THATCHER, an individual,

    Plaintiff,

v.

COUNTY OF BERRIEN, a public body,

    Defendant.

Case No. 1:25-cv-
Hon.:

| William F. Piper (P38636)<br>William F. Piper, P.L.C.<br>*Attorney for Plaintiff*<br>9848 Portage Rd.<br>Portage, MI 49002<br>Phone: 269.321.5008<br>Fax: 269.321.5009<br>Email: wpiper@wpiperlaw.com<br>legal@wpiperlaw.com | |

## COMPLAINT

The plaintiff Michael Thatcher, by and through his attorney William F. Piper, PLC., for his complaint, states as follows:

### JURISDICTIONAL ALLEGATIONS

1. The plaintiff Michael Thatcher is a man who lived in the City of Dowagiac, County of Cass, State of Michigan, at all times relevant to this complaint, and he still lives there.

2. The defendant, County of Berrien, is a public body located in the City of Berrien, State of Michigan.

3. This lawsuit arises out of the plaintiff's employment by the defendant and its termination of that employment by it on October 17, 2024.

4. This lawsuit arises in part under the Americans with Disabilities Act 42 U.S.C. § 12101 et seq., and 42 U.S.C. § 1981(a).

5. The EEOC issued a right to sue letter to Mr. Thatcher on April 2, 2025.

## **COMMON ALLEGATIONS**

6. The plaintiff restates and realleges as though fully set forth herein Paragraphs 1 through 5 of his complaint.

7. The defendant hired the plaintiff as a probation officer on April 22, 2024.

8. Mr. Thatcher is a veteran of the United States Armed Forces with disabilities of knee injury, knee pain, sleep apnea, and nerve damage to his arms.

9. These disabilities substantially affect major life activities of walking, running, sleeping, and writing by hand.

10. After the defendant hired Mr. Thatcher his supervisor demanded that he prepare his probation reports by hand.

11. Mr. Thatcher was confused by this demand, as he was aware of at least one other probation officer who prepared his probation reports on a computer keyboard.

12. Because the nerve damage in his elbows made it difficult to write by hand, because doing so exacerbated his pain and nerve damage in his elbow, Mr. Thatcher asked his supervisor for an accommodation of preparing his probation reports on a computer keyboard.

13. The defendant denied Mr. Thatcher the accommodation of preparing his probation reports on a computer keyboard.

14. The defendant then terminated Mr. Thatcher's employment by it on October 17, 2024 because he would not prepare his probation reports by hand.

15. As a result of the defendant's denial of the reasonable accommodation to him and his unlawful termination, Mr. Thatcher has suffered and will continue to suffer a loss of income and benefits, emotional distress, a loss of enjoyment of life, and other damages.

## COUNT I – REFUSAL TO ACCOMMODATE

16. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 15 of his complaint.

17. The defendant refused to accommodate Mr. Thatcher by not allowing him to prepare his probation reports on a computer keyboard.

18. Accommodating Mr. Thatcher's requested accommodation of allowing him to prepare his probation reports on a computer keyboard rather than handwriting them would not have been an undue hardship on the defendant.

19. As a result of the defendant's refusal to accommodate Mr. Thatcher, it terminated his employment by it on October 17, 2024.

20. As a result of the refusal to accommodate Mr. Thatcher, leading to Mr. Thatcher's termination of his employment by the defendant, Mr. Thatcher has suffered and will continue to suffer the damages set forth above.

21. This claim is actionable under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the Michigan Persons with Disabilities Civil Rights Act, MCL 37.1101 et seq.

WHEREFORE, the plaintiff requests a judgment against the defendant for whatever amount is sufficient to compensate him for his damages past and future plus punitive damages, costs, interest, whatever equitable relief may be appropriate, attorney's fees, and any other relief this court deems fair and just.

## COUNT II – DISABILITY DISCRIMINATION

22. The plaintiff restates and re-alleges as though fully set forth herein paragraphs 1-21 of his complaint.

23. The defendant terminated Mr. Thatcher's employment by it because of his disabilities.

24. As a result of his wrongful termination set forth above, Mr. Thatcher has suffered and will continue to suffer the damages set forth above.

25. This claim is actionable under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the Michigan Persons with Disabilities Civil Rights Act, MCL 37.1101 et seq.

WHEREFORE, the plaintiff requests a judgment against the defendant for whatever amount is sufficient to compensate him for his damages past and future plus punitive damages, costs, interest, whatever equitable relief may be appropriate, attorney's fees, and any other relief this court deems fair and just.

Dated: June 26, 2025

WILLIAM F. PIPER, PLC.
Attorney for Plaintiff

By: _/s/ William F. Piper_
William F. Piper (P38636)
BUSINESS ADDRESS:
9848 Portage Rd.
Portage, Michigan 49002
Phone: 269.321.5008
Fax: 269.321.5009